UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KFORCE INC., a Florida corporation,

    Plaintiff,

v.                                                                          CASE NO.:

JOSSUA PARINI, an individual, and
VACO ORLANDO, LLC, a Tennessee
Limited Liability Company,

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff, Kforce Inc. ("Kforce"), hereby brings this Complaint for Injunctive and Other Relief against Jossua Parini ("Parini"), and Vaco Orlando, LLC ("Vaco Orlando") (collectively, "Defendants"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. Plaintiff Kforce is a Florida corporation with its principal place of business in Hillsborough County, Florida. Kforce is a specialty staffing firm that locates and places applicants in temporary and permanent employment positions throughout the United States. Kforce provides flexible and permanent staffing services for hiring organizations (herein referred to as "Clients"), as well as career management and employment opportunities for job seekers (herein referred to as "Candidates") in specialty areas such as finance and accounting, information technology, and health information management.

2. Defendant Parini is an individual and resident of Broward County, Florida. Kforce formerly employed Parini as a Talent Representative Search at its Miami office,

located at 3470 NW 82nd Ave, Suite 870, Doral, Florida.  Parini was employed pursuant to an Employment, Non-Disclosure and Non-Solicitation Agreement entered into as of March 2, 2015 (the "Employment Agreement") (attached as Exhibit 1 hereto).  Kforce terminated Parini's employment on September 3, 2015 for cause after discovering that Parini was contemporaneously employed by one of Kforce's direct competitors.

3. Defendant Vaco is a Tennessee Limited liability corporation with its principal place of business in Maitland, Florida. Vaco is a staffing and recruiting firm that places individuals in accounting, financial, information technology, and administrative positions.  Vaco has approximately 30 locations across the United States, including its Miami office located at 2525 Ponce de Leon Boulevard, Suite 300, Coral Gables, Florida.  Vaco is a direct competitor of Kforce.

4. This Court has jurisdiction of the subject matter of this action under 28 U.S.C. § 1331 in that this action arises under the laws of the United States, and specifically 18 U.S.C. § 1030.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because, *inter alia*, Defendant Parini accessed Kforce's computers in Miami-Dade County, Florida, in the Southern District of Florida, and exceeded his authorized use to gain confidential and proprietary information and/or trade secrets from Kforce for his own benefit and the benefit of Vaco.  Parini's and Vaco's other tortious acts alleged herein also took place in the Southern District of Florida.

## **GENERAL ALLEGATIONS**

6. This action arises from Parini's misappropriation of Kforce's confidential and proprietary information and trade secrets and his breaches of the confidentiality, non-solicitation, and other provisions of his Employment Agreement for the benefit of his new employer, Vaco.

A. **Kforce's Protectible Interests**

7. Kforce possesses nearly 50 years of experience in producing matches between qualified Candidates and Clients that benefit both the Candidates and Clients. It offers its staffing and career management expertise through more than 1,500 recruiting specialists in over 40 markets across the United States. Given Kforce's established market position, Kforce has built substantial goodwill and important business relationships with its Clients and Candidates.

8. Through the expenditure of its time and resources, Kforce has developed large quantities of confidential and proprietary information that it uses daily in the function of its business. This information includes such things as valuable compilations and information regarding Clients and prospective Clients (including Client contact information, Client preferences and needs, and Client rates), compilations of employment Candidates and prospective employment Candidates, Kforce's financial and budgetary information, information related to Kforce's marketing strategy, training materials related to recruiting and marketing, and numerous other proprietary materials Kforce has developed to match Clients and Candidate.

9. An extremely valuable segment of Kforce's confidential information is the information Kforce has developed over the years regarding the identity of Kforce's

3

Clients and Candidates, key contact information and personnel, and other proprietary, customer-specific information regarding Kforce's Clients and Candidates ("Client and Candidate Information"), including available Client positions and Candidates who are seeking positions.

10. Kforce has devoted substantial time, financial and other resources and engaged in extensive sales and marketing efforts in order to develop and cultivate its business and Client and Candidate Information. Kforce also has devoted substantial time and financial resources to training its workforce.

11. Kforce has engaged in efforts that are reasonable under the circumstances to maintain the confidentiality and secrecy of its trade secrets and its Confidential Information, including its Client and Candidate Information.

12. Among other things, Kforce requires employees to sign an Employment, Non-Disclosure and Non Solicitation Agreement pursuant to which they agree to maintain the confidentiality of Kforce's Confidential Information.

13. In addition, all of Kforce's confidential, proprietary and trade secret databases are password protected. Only employees with a "need to know" are given passwords. All employees with passwords are required to sign agreements with confidentiality terms similar to those in the Employment Agreement executed by Parini. In addition, in order to log on to Kforce's proprietary "Recruitmax" database of Client and Candidate Information, employees must "click through" the following warning in bold red letters:

> **WARNING: The information on the Recruitmax system is confidential and proprietary. Unauthorized use, duplication, transmittal or disclosure of this information is strictly prohibited. System activity is monitored and recorded.**

**B.     Parini's Employment With Kforce**

14.     Kforce employed Parini beginning March 2, 2015 as a Talent Representative Search.  As a Talent Representative Search, Parini's duties and responsibilities included partnering with Kforce's Clients to fill open positions and partnering with Candidates to place them in open positions. In this role, Parini developed and maintained important relationships with Kforce's Candidates and Clients on behalf of Kforce and at Kforce's expense, and was given access to Kforce's trade secrets and confidential and proprietary business information, including its Client and Candidate Information and Recruitmax system.

15.     Upon the commencement of Parini's employment with Kforce, and as a condition of his employment, Parini signed the Employment Agreement.

16.     Parini's Employment Agreement contains a non-disclosure provision regarding Kforce's trade secrets and Confidential Information and a non-solicitation covenant, which are provided in detail below.

17.     In particular, Parini's Employment Agreement contains the following confidentiality provision:

> **6. Confidential Information.** The EMPLOYEE recognizes and acknowledges that the FIRM has, through the expenditure of substantial time, effort and money, developed, compiled and/or acquired certain confidential information and trade secrets which are of great value to the FIRM in its operations.  The EMPLOYEE further acknowledges and understands that in the course of performing his/her duties for the FIRM, he/she will receive and/or have access to the trade secrets and other confidential information of the FIRM.
>
> The EMPLOYEE agrees that he/she will not make any use of, take, download, publish or disclose, or authorize anyone to use, take, publish or disclose, any of the FIRM's trade secrets or other confidential information, for any reason, except to the extent authorized and required in the course of performing his/her duties on behalf of the FIRM.  Upon request of the FIRM, the EMPLOYEE will promptly return or destroy all expressions of trade secrets and confidential information in his/her possession and

control.  EMPLOYEE shall cooperate with the FIRM's efforts to verify such return or destruction.

As used herein, the term "trade secrets and other confidential information" shall include, without limitation: (a) Client or prospective Client lists and Client or prospective contact information (including but not limited to business cards, contact persons, and hiring managers); (b) Client job openings and job orders and Client pricing information; (c) actual or prospective Applicant, employment candidate, employee or consultant lists; (d) actual or prospective Applicant, employment candidate, employee or consultant qualifications, contact information, and resumes; (e) actual or prospective Applicant, employment candidate, employee or consultant compensation and benefits; and (f) other Client, Applicant, employment candidate, employee or consultant data or information.

Exhibit "A."

18.     In addition, Parini's Employment Agreement contains the following non-solicitation covenant:

**8. Non-Solicitation Covenants.**

b) <u>Covenants relating to staffing candidates, applicants, temporary employees and consultants:</u>  The EMPLOYEE further agrees that upon termination of his/her employment for any reasons, the EMPLOYEE will not, for a period of twelve (12) months from the date of termination, directly or indirectly solicit, recruit, hire or place on assignment any staffing candidate, applicant, temporary employees or consultant with whom the EMPLOYEE had contact while employed by the FIRM, nor will EMPLOYEE directly indirectly attempt to divert or assist others to divert such candidates, applicants, temporary employees and consultants from the FIRM.

Exhibit "A."

19.     Parini's Employment Agreement further states:

**2. Extent of Services.** The EMPLOYEE shall exclusively devote his/her full business time, attention, energy, loyalty and best efforts to the business of the FIRM, and shall not, during the time this Agreement is in effect, engage in any other business activity, whether or not such other business activity is pursued for gain, profit, or other pecuniary advantage, unless such business is fully disclosed to and approved in writing by an authorized representative of the FIRM.

Exhibit "A."

20.     Finally, the Employment Agreement states:

6

**9. Use of the FIRM'S Name or Trademarks.** Following termination of the EMPLOYEE's employment with the FIRM, the EMPLOYEE shall not use or permit the use of the FIRM's name or trademarks in any advertising, notice, solicitation or other business materials, including but not limited to indications that the EMPLOYEE was formerly employed by the FIRM.

Exhibit "A."

21. In his Employment Agreement, Parini acknowledged and agreed that any breach of the Employment Agreement would cause Kforce immediate and irreparable harm, thus entitling Kforce to equitable relief, including without limitation, injunctive relief. On this point, the Employment Agreement states:

**11. Enforcement.** The EMPLOYEE agrees that, in the event of a breach or threatened breach by the EMPLOYEE of any of the provisions or covenants contained in paragraphs 6, 7, 8, and 9 of this Agreement, the FIRM shall be entitled to the entry of a temporary, preliminary or permanent injunction (without any bond or other security being required) against the EMPLOYEE in any suit in equity brought for the purpose of enforcing such provisions or covenants. The consent to and the availability of an injunction as set forth above shall not preclude or prevent the FIRM from seeking or recovering monetary damages under appropriate circumstances, or pursing other appropriate remedies. The provisions of this Agreement shall not be construed as limiting any of the FIRM's rights under the Uniform Trade Secrets Act, as adopted, or under any other laws (whether statutory or common law) including, but not limited to, law relating to confidential information, unfair competition, computer misconduct, and fiduciary duty.

The existence of any claims or cause of action that the EMPLOYEE may have against the FIRM, whether predicated upon a breach of any part of this Agreement by the FIRM or otherwise, shall not constitute a defense to the enforcement by the FIRM of any of the covenants and obligations contained in paragraphs 6, 7, 8, and 9 of this Agreement.

*     *     *

**15. Reasonable and Necessary Restrictions.** The EMPLOYEE agrees that the covenants and restrictions contained in this Agreement are both reasonable and necessary.

Exhibit "A."

22. The confidentiality, non-solicitation, extent of services, and other provisions in Parini's Employment Agreement are necessary to protect (1) Kforce's trade secrets and confidential information that otherwise might not qualify as trade

secrets; and (2) Kforce's relationships with its Clients and Candidates. These restrictive covenants are effective for one year after the termination of employment, and this time period is both necessary and reasonable to allow Kforce to solidify its relationships with the Clients and Candidates after a Talent Research Search employee's departure.

### C. Defendants' Unlawful Conduct

23.    On August 18, 2015, Parini requested a personal leave of absence for the period from August 17, 2015 through September 8, 2015. Parini asserted that his grandfather had passed away in Costa Rica and that he needed the time "to complete legal work of his business, land and possessions." A copy of the Parini's Request for Leave of Absence form is attached as Exhibit 2. Kforce granted Parini's request.

24.    As part of Kforce's leave of absence procedures, Parini's emails were automatically forwarded to his immediate supervisor, Field Director Nicole Price, while he was on leave. On September 3, 2015 – while Parini was still purportedly on the personal leave of absence – Price received an email from a candidate in which the candidate sent her resume to Parini at his Kforce email address and a second email address, jparini@vaco.com. Parini responded via email from the jparini@vaco.com address and asked the candidate to send her "references as well." In his response email, Parini's signature states that he is "Manager of Client Services" for Vaco. A copy of the response email is attached as Exhibit 3.

25.    Upon receiving the email, Price reviewed Vaco's website and found that Parini was listed as a Manager of Client Services at its Miami office. A copy of the webpage is attached as Exhibit 4. Price also researched the candidate who had sent Parini her resume and discovered that she was a Kforce Candidate with whom Parini had communicated while he was employed by Kforce.

26.    Accordingly, on September 3, 2013, Kforce's Senior HR Generalist Vykki Del Valle called Vaco, asked for Parini, and – after verifying twice that it was Jossua Parini speaking to her – asked Parini if he had returned from Costa Rica and started a

new job.  Parini denied that he was back from Costa Rica.  After Ms. Valle reminded Parini she had reached him by calling Vaco, Parini hung up the phone.  Kforce immediately terminated Parini's employment and access to its systems.

27. Following Parini's termination, Kforce reviewed his email and discovered that Parini had forwarded over thirty emails containing its trade secrets and confidential and proprietary information to his personal email address in late July and early August 2015.  Among other items, Parini forwarded a spreadsheet that contained all of Kforce's current business and Clients.  By forwarding this information and subsequently using it for Vaco's benefit, Parini unlawfully exceeded his authorized access in violation of the Employment Agreement.  Further, in doing so, Parini unlawfully utilized Kforce's computers and email system which are used to communicate with Candidates and Clients across the United States.

28. Kforce's personnel have expended significant time, money, and resources addressing the misuse of Kforce's trade secrets and confidential and proprietary information by Parini, the costs of which exceed $5,000.

29. The Managing Director of Vaco's Miami office is Cynthia Garces, who is also a former Kforce employee.  Ms. Garces, like all Kforce employees, was required to sign an Employment Agreement during her employment at Kforce, and has knowledge that all Kforce employees are required to sign similar agreements.

30. Vaco is complicit in Parini's unlawful conduct and has aided, abetted, condoned, ratified, and improperly benefitted from the unlawful use or disclosure of Kforce's trade secrets and confidential and proprietary information, including its Client and Candidate Information.

31. Moreover, Parini continues to market himself as an employee of Kforce on his LinkedIn page in violation of his Employment Agreement.  A copy of Parini's LinkedIn page as of September 14, 2015 is attached as Exhibit 5.

32. Parini's actions as described above violate the confidentiality, non-solicitation, extent of services, and use of the firm's name or trademark covenants contained in his Employment Agreement. Parini's and Vaco's actions further constitute unfair competition and pose a significant threat of unlawful disclosure and use of Kforce's confidential business information and trade secrets. Thus, Parini's and Vaco's activities pose an imminent threat of irreparable injury to Kforce.

33. Kforce has no adequate remedy at law for such injuries. Kforce's full damages are not fully ascertainable at the present, nor can they be readily calculated with reasonable certainty in the future, but they will be substantial.

34. The injury which will befall Kforce if Parini and Vaco are not enjoined as requested herein outweighs any harm that the issuance of an injunction may inflict upon Parini or Vaco.

35. The issuance of an injunction as requested herein by Kforce will in all respects serve the public good in that it will promote adherence to contractual obligations that were voluntarily undertaken and will prevent a Florida-based business from being victimized by unfair competition.

36. All conditions precedent to the maintenance of this action have occurred, have been met, or have been waived.

37. Kforce has retained the undersigned attorneys to represent it in this matter, and have agreed to compensate its counsel, which attorney's fees should be taxed and assessed against Parini and Vaco under those applicable claims and causes of action set forth below.

# COUNT I

## COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030
## (PARINI)

38. Kforce realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 37 above as if set forth fully herein.

39. Parini intentionally accessed the computers of Kforce and exceeded authorized use to obtain Kforce's confidential information and/or trade secrets from computers used in interstate commerce.

40. Parini knowingly and with intent to defraud Kforce accessed its computers and exceeded authorized use to obtain Kforce's confidential information and/or trade secrets from computers used in interstate commerce.

41. Parini intentionally accessed Kforce's protected computers and exceeded authorized use and, as a result of such conduct, caused damage and loss to Kforce.

42. Parini furthered this intended wrongdoing by improperly obtaining and utilizing Kforce's confidential information and/or trade secrets from computers used in interstate commerce.

43. Parini's acts and conduct have impaired the integrity and/or availability of Kforce's confidential information and trade secrets and interfered with Kforce's business operations and relationships with its Clients and Candidates.

44. By reason of the foregoing, Kforce has been damaged, and has suffered irreparable harm and loss in excess of $5,000.

45. The $5,000 loss described above occurred within a one year period, beginning on or about September 3, 2015, with such losses continuing thereafter.

46. Kforce lacks an adequate remedy at law and, unless enjoined by this Court, Parini will continue to cause irreparable injury and harm to Kforce as a result of the wrongful acts complained of herein.

WHEREFORE, Kforce demands judgment against Parini as follows:

(a) Preliminarily and permanently enjoining Parini from using or disclosing information and/or data obtained from Kforce through unauthorized access to Kforce's computers in violation of the Act;

(b) Requiring Parini to return all correspondence, files, and tangible and/or intangible assets and other Kforce property to Kforce, including any copies;

(c) Awarding Kforce compensatory damages in an amount to be proven at trial;

(d) Referring the matter to the appropriate U.S. Attorney's Office for criminal prosecution;

(e) Awarding Kforce its attorneys' fees and costs and interest; and

(f) Granting such other relief as the Court deems just and proper.

## COUNT II

## BREACH OF CONTRACT
## (PARINI)

47. Kforce realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 37 above as if set forth fully herein.

48. Parini's actions constitute violations of the non-solicitation, confidentiality, extent of services, and  use of the firm's name or trademark provisions of Parini's Employment Agreement with Kforce.

49. If not enjoined, Parini's violations will cause immediate, substantial, permanent, and irreparable harm to Kforce, which cannot adequately be compensated by monetary damages.

50. The potential for harm to Kforce by Parini's wrongful conduct substantially outweighs any harm that might accrue to Parini by virtue of an injunction.

WHEREFORE, Kforce demands judgment against Parini as follows:

(a) Preliminarily and permanently enjoining Parini from using or disclosing any of Kforce's confidential information or trade secrets;

(b) Requiring Parini to return all correspondence, files, and tangible and/or intangible assets and other Kforce property to Kforce, including any copies;

(c) Preliminarily and permanently enjoining Parini from soliciting Kforce's Clients and Candidates for a period of one year from the date of the last breach;

(d) Preliminarily and permanently enjoining Parini from marketing himself as a current or former employee of Kforce;

(e) Awarding Kforce compensatory damages in an amount to be proven at trial;

(f) Awarding Kforce its attorneys' fees and costs and interest; and

(g) Granting such other relief as the Court deems just and proper.

## COUNT III

## FLORIDA UNIFORM TRADE SECRETS ACT
### (PARINI AND VACO)

47. Kforce realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 37 above as if set forth fully herein.

48. This is an action for damages and injunctive relief under the Florida Uniform Trade Secrets Act ("FUTSA"), *Florida Stat.* Ch. 688 (2007).

49. Parini, through his employment with Kforce, had access to and acquired confidential and proprietary information of Kforce, and knowledge of such Kforce information that constitutes "trade secrets" within the meaning of the FUTSA. Kforce's trade secret information includes, without limitation, information concerning Kforce's Clients and Candidates, Kforce's financial and budgetary information, information related to Kforce's marketing strategy, training materials related to recruiting and marketing, and numerous other proprietary materials Kforce has developed to match Clients and Candidate.

50. Parini executed the Employment Agreement as a condition of his employment with Kforce, which contained confidentiality provisions, providing Parini with knowledge that his access to Kforce's trade secrets was acquired by him under circumstances giving rise to a duty to maintain their secrecy and limit their use. Kforce takes reasonable measures to maintain the secrecy of and protect its trade secrets, including limiting access to them and preventing anyone from reviewing confidential Kforce information who is not subject to nondisclosure obligations.

51. Parini has misappropriated, used, and/or disclosed Kforce's trade secrets within the meaning of the FUTSA for the benefit of his new employer, Vaco. Vaco has likewise knowingly used Kforce's trade secrets within the meaning of the FUTSA. Such misappropriation, use and/or disclosures constitute a violation of the FUTSA.

52. Kforce has no adequate remedy at law to protect it from the unlawful and continuing misappropriation, disclosure, or use of its trade secrets by Parini and Vaco.

53. As a direct and proximate result of the Parini's and Vaco's misappropriation, disclosure, and use of Kforce's trade secrets in violation of the FUTSA, Kforce has suffered and will continue to suffer immediate and irreparable injury to its business and goodwill.  This injury, while substantial, may be difficult to calculate with precision.

54. Kforce has a substantial likelihood of success on the merits of this claim due to Parini's and Vaco's misappropriation, disclosure and/or use of Kforce's trade secrets under the FUTSA.

55. The threat of harm to Kforce in the absence of injunctive relief far outweighs the threat of harm to Parini and Vaco if an injunction is granted.  Kforce faces substantial but difficult to calculate financial loss, loss of goodwill, and loss of its competitive position in the marketplace, whereas the only "hardship" imposed on Parini and Vaco would be to prevent them from reaping any illicit gain or benefit from misappropriation, disclosure, and use of Kforce's trade secrets.

56. The public interest would be served by granting the relief sought in that the public interest clearly favors preventing persons such as Parini and Vaco from profiting from their improper and unlawful conduct.

57. The misappropriation, disclosure, and use by Parini and Vaco described, in part, herein is willful and malicious and entitles Kforce to appropriate damages to remedy the injuries caused through compensatory and punitive damages, as well as attorneys' fees, costs, and disbursements, in amounts to be proven at trial.

WHEREFORE, Kforce demands judgment against Parini as follows:

(a)     Preliminarily and permanently enjoining Parini and Vaco from using or disclosing any of Kforce's trade secrets;

(b)     Awarding Kforce compensatory and punitive damages in an amount to be proven at trial;

(c)     Awarding Kforce its attorneys' fees and costs and interest; and

(d)     Granting such other relief as the Court deems just and proper.

## COUNT IV

### TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIP
### (VACO)

58.     Kforce realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 37 above as if set forth fully herein.

59.     Vaco was aware of Parini's post-employment contractual obligations to Kforce.

60.     Vaco has induced, assisted and encouraged Parini to violate the terms of his Employment Agreement with Kforce.

61.     The actions of Vaco as alleged herein were calculated and designed to impair, impede and damage Kforce's legitimate business interests by unlawful means and such conduct is without justification and constitutes an unlawful, tortious, wrongful, unfair, intentional malicious interference with Kforce's contractual rights.

62      The conduct of Vaco constitutes a tortious interference with Kforce's contractual rights and, as a result, Kforce is entitled to recover damages, in an amount of be determined at trial.

WHEREFORE, Kforce demands judgment against Vaco as follows:

(a) Awarding Kforce compensatory and punitive damages in an amount to be proven at trial;

(b) Awarding Kforce its attorneys' fees and costs and interest; and

(c) Granting such other relief as the Court deems just and proper.

## COUNT V

## UNJUST ENRICHMENT
### (Vaco)

63. Kforce realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 37 above as if set forth fully herein.

64. Vaco used Kforce's trade secrets and confidential and proprietary information, unlawfully disclosed by Parini, to solicit Candidates.

65. Vaco has knowingly and unjustly benefitted from Parini's unlawful actions at Kforce's expense.

66. Accordingly, Kforce is entitled to recover damages, in an amount to be determined at trial.

WHEREFORE, Kforce demands judgment against Vaco as follows:

(a) Awarding Kforce compensatory and punitive damages in an amount to be proven at trial;

(b) Awarding Kforce its attorneys' fees and costs and interest; and

(c) Granting such other relief as the Court deems just and proper.

## COUNT VI

## BREACH OF FIDUCIARY DUTY
(Parini)

67. Kforce realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 37 above as if set forth fully herein.

68. Parini owed Kforce a fiduciary duty of loyalty by virtue of his employment and as specifically set forth in Section 2 of the Employment Agreement.

69. Parini breached his fiduciary duty of loyalty by performing work on behalf of Vaco while still employed by Kforce and by misappropriating Kforce's trade secrets and confidential and proprietary information for his and/or Vaco's benefit.

70. Kforce has suffered damages as a result of Parini's breach, in an amount to be determined at trial.

WHEREFORE, Kforce demands judgment against Parini as follows:

(a) Awarding Kforce compensatory and punitive damages in an amount to be proven at trial;

(b) Awarding Kforce its attorneys' fees and costs and interest; and

(c) Granting such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

71.     Kforce demands a jury trial.

DATED:  September 14, 2015.

                                                Respectfully submitted,

_____
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Blvd., Suite 1900
Tampa, FL  33602
(813) 318-5700 - Telephone
(813) 318-5900 - Facsimile
Attorneys for Plaintiff